# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROBERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. MANASRAH, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01062-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Morris Roberson, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed August 9, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Kern Valley State Prison ("KVSP"). Plaintiff brings this action against Nurse Practitioner ("NP") A. Manasrah, NP C. Ogbuehi, NP C. Relevante and Warden C. Pfeiffer alleging deliberate indifference in violation of the Eight Amendment.

Plaintiff was seen by Defendant Manasrah on January 5, 2015, and was told that he was only being seen for his chronic medical conditions and was refused evaluation for any other medical conditions. (Compl. ¶ 10, ECF No. 1.) Plaintiff explained that he was supposed to see a specialist on November 26, 2014, to see if his Hepatitis surface antibody 12b shots had worked. (Compl. ¶ 11.) Plaintiff was concerned because he was not feeling well. (Compl. ¶ 11.) Plaintiff explained that he had been experiencing excruciating sharp pains in his head, throat, neck, and stomach for several days. (Compl. ¶ 12.) Defendant Manasrah responded, "oh, you'll live, you're just getting older, and if the shots don't work, you'll know." (Compl. ¶ 12.) Plaintiff also explained that the dentist had told him he had thyroid disease and needed to see a

2

medical doctor to have "it taken out." (Compl. ¶ 13.) Defendant Manasrah told Plaintiff to "shut up" or an officer would escort him out in handcuffs. (Compl. ¶ 13.) Plaintiff left without receiving treatment for any of his medical conditions. (Compl. ¶ 14.)

Plaintiff submitted several health care requests to be treated for his serious medical conditions. (Compl. ¶ 14.) Each time Plaintiff went to the medical clinic, Defendant Manasrah would deny Plaintiff treatment and would falsely note in the medical record that Plaintiff was in no obvious distress and had a normal gait. (Compl. ¶ 15.)

From April through June of 2016, Plaintiff submitted four health care requests complaining of shortness of breath, muscle cramping, chest pain, joint pain, headaches, high grade fever, night sweats and profuse coughing. (Compl. ¶ 16.) Each time Plaintiff was seen by Defendant Relevante and Ogbuehi, Plaintiff was told that he was fine and did not receive any treatment. (Compl. ¶ 17.)

On June 30, 2016, Plaintiff began having excruciating pain, shortness of breath, chest pain, and an extremely high fever. (Compl. ¶ 17.) There was no doctor on site, so Plaintiff was rushed to San Joaquin Community Hospital. (Compl. ¶ 17.) The doctor ordered x-rays and a CT scan and Plaintiff was diagnosed with Valley Fever. (Compl. ¶ 18.) Valley Fever is a debilitating, disfiguring and intensely painful disease. (Compl. ¶ 29.) It is a lifelong crippling disease that if not treated quickly, accurately and indefinitely can be fatal. (Compl. ¶ 29.) Many inmates at Pleasant Valley State Prison, Avenal State Prison, and KVSP have died from Valley Fever. (Compl. ¶ 30.)

After Plaintiff returned from the hospital he was denied adequate treatment for his joint pain, severe headaches, shortness of breath, and chest pain; however Plaintiff was prescribed Fluconzole for his Valley Fever. (Compl. ¶¶ 19, 41.) Plaintiff did not have Valley Fever prior to being transferred to KVSP. (Compl. ¶ 41.)

Plaintiff alleges that he was denied adequate medical care which resulted in him contracting Valley Fever. (Compl. ¶ 20.) Plaintiff also contends that he had pre-existing conditions which the defendants knew he suffered from and that he faced an unacceptably high risk of developing serious medical consequences from his increased risk of Valley Fever while

housed at KVSP, a hyper-endemic prison. (Compl. ¶ 22.)

Plaintiff states that Defendant Pfeiffer knew as early as 2006 that KVSP is a cocci hot spot, a high endemic area for Valley Fever and that soil surrounding KVSP is densely contaminated with Valley Fever fungus. (Compl. ¶¶ 23, 28, 32.) Defendant Pfeiffer was aware that African Americans and Asian Americans are at greater risk of contracting the disseminated form of Valley Fever and failed to implement any policy to lessen the effects. (Compl. ¶ 24.) Plaintiff wrote a letter to Defendant Pfeiffer around January 10, 2015, explaining that he had a serious medical condition and requested proper medical treatment and protection from Valley Fever spores. (Compl. ¶ 25.) Defendant Pfeiffer failed to take even the most basic precautions to guard Plaintiff from exposure to Valley Fever. (Compl. ¶ 28.)

Frequently high winds blow through KVSP causing 10 to 20 foot dust whirlwinds to spread over the prison yard causing inmates to run to different parts of the yard to escape the dust while covering their faces with their t-shirts. (Compl. ¶ 33.) During the summer of 2016 so much dust came through the vents in the housing unit that the dust was almost one inch thick on the dayroom floor and Plaintiff was not offered any protection from the dust. (Compl. ¶ 34.)

Defendants were aware that inmates with medical conditions such as Hepatitis C, joint pain, liver disease, arthritis, heart conditions, and diabetes were more susceptible to Valley Fever in its most dangerous form and were in a position to establish or contribute to policies that would have addressed Plaintiff's serious medical need and protect Plaintiff. (Compl. ¶ 37.) About seventy to eighty percent of individuals who develop disseminated disease exhibit severe pulmonary symptoms. (Comp. ¶ 38.) In about ten percent of individuals who develop disseminated disease other organs are involved such as the lungs, skin, skeletal or nervous system. (Compl. ¶ 38.) Defendants were aware that being an African American is a risk factor for developing disseminated disease. (Compl. ¶ 39.)

Plaintiff alleges that Defendants Manasrah, Relevante, Ogbuehi, and Pfeiffer were deliberately indifferent to his serious medical needs, failed to order blood tests and MRIs, or refer Plaintiff to a specialist to determine the seriousness of Plaintiff's chronic and excruciating chest pain and continuous complaints. (Compl. ¶ 42.) Plaintiff seeks monetary damages.

(Compl. p. 21.)

## III.

## DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In a section 1983 action, the complaint must allege that every defendant acted with the requisite state of mind to violate underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

**A.  Cruel and Unusual Punishment in Violation of the Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and

disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

### 1. Denial of Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he was seen by Defendant Manasrah on January 5, 2015, and told Defendant Manasrah that he was having excruciating sharp pain in his head, throat, neck, and stomach and that Defendant Manasrah refused to listen to his complaints and told Plaintiff that he was there to be seen for chronic care and Defendant Manasrah refused to evaluate his other medical conditions. (Compl. ¶ 12.) While Plaintiff alleges that every time he saw Defendant Manasrah, Defendant Manasrah "purposely" denied treatment and made false reports that Plaintiff was in no obvious distress and had a normal gait (id. ¶ 15), Plaintiff's conclusory allegations of purposeful denial of treatment are insufficient to demonstrate that Defendant Manasrah was aware that Plaintiff had a serious medical condition and failed to adequately respond. Simmons, 609 F.3d at 1018.

Plaintiff also alleges that he submitted health care requests on April 4, 2016; April 25, 2016; May 26, 2016; and June 11, 2016, complaining of shortness of breath, muscle cramping, chest pain, joint pain, headaches, high grade fever, night sweats, and profuse coughing. (Compl. ¶ 16.) Each time, Defendants Relevant and Ogbuehi told him that he was fine and did not treat his symptoms. (Compl. ¶ 17.) While Plaintiff alleges that his symptoms were not treated, the complaint does not contain any allegations that the defendants refused to examine Plaintiff or describe what occurred at these examinations. "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson, 90 F.3d at 332). The allegations in the complaint are insufficient to state a cognizable claim that Defendants Relevante and Ogbuehi were aware that Plaintiff had a serious medical condition and failed to adequately respond. Simmons, 609 F.3d at 1018.

It appears that the crux of Plaintiff's complaint is that Defendants Manasrah, Relevante, and Ogbuehi were deliberately indifferent because they failed to diagnose that he had Valley Fever prior to June 30, 2016. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope."). Plaintiff fails to allege sufficient facts for the Court to reasonably infer that Defendants Manasrah, Relevante, or Ogbuehi were aware that Plaintiff had Valley Fever and failed to provide adequate treatment prior to June 30, 2016.

Plaintiff also alleges that after he was diagnosed with Valley Fever and returned from the hospital he was continuously denied adequate treatment for his joint pain, severe headaches,

7

shortness of breath, and chest pain, but that he was prescribed Fluconzole for his Valley Fever. (Compl. ¶ 19.) As stated above, to state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677. Plaintiff has not alleged that he saw any named defendant after he was diagnosed with Valley Fever, therefore, Plaintiff has failed to link any defendant to any failure to provide treatment after he was diagnosed with Valley Fever. Iqbal, 556 U.S. at 677. Also, by Plaintiff's own admission he was prescribed medication, Fluconzole, for his Valley Fever and the fact that Plaintiff may have wanted additional or different treatment is insufficient to state a claim. Sanchez, 891 F.2d at 242. Plaintiff's conclusory allegation of denial of adequate treatment is insufficient to state a claim.

Plaintiff fails to state a cognizable claim that any defendant was deliberately indifferent to his serious medical needs by failing to provide adequate medical care.

### 2. Conditions of Confinement

Plaintiff alleges that Defendant Pfeiffer was deliberately indifferent by failing to take reasonable measures to protect Plaintiff from contracting Valley Fever. (Compl. ¶¶ 51-60.) Where an inmate is challenging the conditions of confinement he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson, 217 F.3d at 731 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

Plaintiff alleges that Defendant Pfeiffer was aware that he was at increased risk of disseminated disease due to his Hepatitis and failed to take reasonable measures to protect Plaintiff from contracting Valley Fever. However, while Plaintiff states that there are other factors that put individuals at risk he has not identified any other factors that would apply to him. At the pleading stage, the Court finds that Plaintiff's complaint is sufficient to state cognizable claim against Defendant Pfeiffer for violation of the Eighth Amendment based on Plaintiff's allegations that he was at an increased risk of disseminated disease due to his Hepatitis.

# IV.

# CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Pfeiffer for deliberate indifference in violation of the Eighth Amendment based on Plaintiff's alleged increased risk of disseminated disease due to having Hepatitis. However, Plaintiff has not sufficiently alleged facts to state any other cognizable claims or claims against any other defendant. The Court will provide Plaintiff with the opportunity to file an amended complaint to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Pfeiffer for deliberate indifference, Plaintiff may so notify the Court in writing, and the Court will dismiss the other defendants and claims, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Pfeiffer for deliberate indifference in violation of the Eighth Amendment based on Plaintiff's allegation that he was at an increased risk of disseminated disease due to his Hepatitis; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **September 13, 2017**

UNITED STATES MAGISTRATE JUDGE

10