# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MORRIS ROBERSON, | Case No. 1:17-cv-01062-DAD-SAB (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON PLAINTIFF'S CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANT PFEIFFER AND DISMISSING DELIBERATE INDIFFERENCE CLAIM |
| v. | |
| A. MANASRAH, et al., | |
| Defendants. | |
| | (ECF No. 14) |

Plaintiff Morris Roberson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed on October 26, 2017, in response to the Court's September 14, 2017 screening order.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

///

that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Kern Valley State Prison ("KVSP"). Plaintiff brings this action against Nurse Practitioner ("NP") A. Manasrah, NP C. Ogbuehi, and Warden C. Pfeiffer alleging deliberate indifference in violation of the Eight Amendment.

Plaintiff was seen by Defendant Manasrah on January 5, 2015, and was told that he was only being seen for his chronic medical conditions and was refused evaluation for any other medical conditions. (1st Amd. Compl. ¶ 10, ECF No. 14.) Plaintiff explained that he was supposed to see a specialist on November 26, 2014, to see if his Hepatitis surface antibody 12b

shots had worked. (1st Amd. Compl. ¶ 10.) Plaintiff was concerned because he was not feeling well. (1st Amd. Compl. ¶ 10.) Plaintiff explained that he had been experiencing excruciating sharp pains in his head, throat, neck, and stomach for several days. (1st Amd. Compl. ¶ 11.) Defendant Manasrah responded, "oh, you'll live, you're just getting older, and if the shots don't work, you'll know." (1st Amd. Compl. ¶ 11.) Plaintiff also explained that the dentist had told him he had thyroid disease and needed to see a medical doctor to have "it taken out." (1st Amd. Compl. ¶ 12.) Defendant Manasrah told Plaintiff to "shut up" or an officer would escort him out in handcuffs. (1st Amd. Compl. ¶ 12.) Plaintiff left without receiving treatment for any of his medical conditions. (1st Amd. Compl. ¶ 13.)

On June 30, 2016, Plaintiff began having excruciating pain, shortness of breath, chest pain, and an extremely high fever. (1st Amd. Compl. ¶ 26.) There was no doctor on site, so Plaintiff was rushed to San Joaquin Community Hospital. (1st Amd. Compl. ¶ 26.) The doctor ordered x-rays and a CT scan and Plaintiff was diagnosed with Valley Fever. (1st Amd. Compl. ¶ 27.) Valley Fever is a debilitating, disfiguring and intensely painful disease. (1st Amd. Compl. ¶ 29.) It is a lifelong crippling disease that if not treated quickly, accurately and indefinitely can be fatal. (1st Amd. Compl. ¶ 29.) Many inmates at Pleasant Valley State Prison, Avenal State Prison, and KVSP have died from Valley Fever. (1st Amd. Compl. ¶ 30.)

After Plaintiff returned from the hospital he was denied adequate treatment for his joint pain, severe headaches, shortness of breath, and chest pain; however Plaintiff was prescribed Fluconzole for his Valley Fever. (1st Amd. Compl. ¶ 28.) Plaintiff did not have Valley Fever prior to being transferred to KVSP. (1st Amd. Compl. ¶ 41.)

Plaintiff alleges that he was denied adequate medical care which resulted in him contracting Valley Fever. (1st Amd. Compl. ¶ 29.) Plaintiff also contends that he had pre-existing conditions which the defendants knew he suffered from and that he faced an unacceptably high risk of developing serious medical consequences from his increased risk of Valley Fever while housed at KVSP, a hyper-endemic prison. (1st Amd. Compl. ¶ 31.)

///

///

| | Plaintiff states that Defendant Pfeiffer knew as early as 2006 that KVSP is a cocci hot spot, a high endemic area for Valley Fever and that soil surrounding KVSP is densely contaminated with Valley Fever fungus. (1st Amd. Compl. ¶ 32, 34.) Defendant Pfeiffer was aware that African Americans and Asian Americans are at greater risk of contracting the disseminated form of Valley Fever and failed to implement any policy to lessen the effects. (1st Amd. Compl. ¶ 33.) Plaintiff wrote a letter to Defendant Pfeiffer around January 10, 2015, explaining that he had a serious medical condition and requested proper medical treatment and protection from Valley Fever spores. (1st Amd. Compl. ¶ 34.) Defendant Pfeiffer failed to take even the most basic precautions to guard Plaintiff from exposure to Valley Fever. (1st Amd. Compl. ¶ 34.)

Frequently high winds blow through KVSP causing 10 to 20 foot dust whirlwinds to spread over the prison yard causing inmates to run to different parts of the yard to escape the dust while covering their faces with their t-shirts. (1st Amd. Compl. ¶ 33.) During the summer of 2016 so much dust came through the vents in the housing unit that the dust was almost one inch thick on the dayroom floor and Plaintiff was not offered any protection from the dust. (1st Amd. Compl. ¶ 34.)

Defendants were aware that inmates with medical conditions such as Hepatitis C, joint pain, liver disease, arthritis, heart conditions, and diabetes were more susceptible to Valley Fever in its most dangerous form and were in a position to establish or contribute to policies that would have addressed Plaintiff's serious medical need and protect Plaintiff. (1st Amd. Compl. ¶ 37.) About seventy to eighty percent of individuals who develop disseminated disease exhibit severe pulmonary symptoms. (1st Amd. Comp. ¶ 38.) In about ten percent of individuals who develop disseminated disease other organs are involved such as the lungs, skin, skeletal or nervous system. (1st Amd. Compl. ¶ 38.) Defendants were aware that being an African American is a risk factor for developing disseminated disease. (1st Amd. Compl. ¶ 39.)

Plaintiff contends that Defendant Manasrah failed to order testing, x-rays, or a CT-scan. (1st Amd. Compl. ¶ 41.) Plaintiff alleges that Defendants Manasrah, Ogbuehi, and Pfeiffer were deliberately indifferent to his serious medical needs, failed to order blood tests and MRIs, or

refer Plaintiff to a specialist to determine the seriousness of Plaintiff's chronic and excruciating chest pain and continuous complaints. (1st Amd. Compl. ¶ 42.) Plaintiff seeks monetary damages. (1st Amd. Compl. p. 17.)

## III.

## DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones</u>, 297 F.3d at 934. To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 556 U.S. at 677; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934. In a section 1983 action, the complaint must allege that every defendant acted with the requisite state of mind to violate underlying constitutional provision. <u>OSU Student Alliance v. Ray</u>, 699 F.3d 1053, 1070 (9th Cir. 2012).

**A. Cruel and Unusual Punishment in Violation of the Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>,

217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

1. Denial of Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he was seen by Defendant Manasrah on January 5, 2015, and told Defendant Manasrah that he was having excruciating sharp pain in his head, throat, neck, and stomach and that Defendant Manasrah refused to listen to his complaints and told Plaintiff that he was there to be seen for chronic care and Defendant Manasrah refused to evaluate his other medical conditions. (1st Amd. Compl. ¶ 12.) While Plaintiff alleges that Defendant Manasrah never provided treatment for his medical conditions, Plaintiff's conclusory allegations of denial of treatment are insufficient to demonstrate that Defendant Manasrah was aware that Plaintiff had a serious medical condition and failed to adequately respond. Simmons, 609 F.3d at 1018.

There are simply insufficient allegations that Defendant Manasrah knew of and was deliberately indifferent to a serious medical need. Plaintiff alleges only that on January 5, 2015, he complained of sharp pain in his head, throat, neck and stomach, such conclusory allegations fail to denote a serious medical need (more specifically Valley Fever) or that Defendant Manasrah was deliberately indifferent to any medical need. Moreover, the exhibits attach to Plaintiff's first amended complaint belie his claim of deliberate indifference by Defendant Manasrah. The examination notes reveal that Plaintiff refused to wait and be seen for treatment by Manasrah on January 23, 2015, just eighteen days after Manasrah allegedly denied him medical treatment. (1st Amd. Compl. p. 21.) Plaintiff was counseled briefly and simply walked out. (Id.) Accordingly, Plaintiff fails to state a plausible claim for deliberate indifference.

Furthermore, it appears that the crux of Plaintiff's complaint is that Defendants Manasrah and Ogbuehi were deliberately indifferent because they failed to diagnose that he had Valley Fever prior to June 30, 2016. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope."). Plaintiff fails to allege sufficient facts for the Court to reasonably infer that Defendants Manasrah or Ogbuehi were aware that Plaintiff had Valley Fever and failed to provide adequate treatment prior to June 30, 2016.

Plaintiff also alleges that after he was diagnosed with Valley Fever and returned from the hospital he was continuously denied adequate treatment for his joint pain, severe headaches, shortness of breath, and chest pain, but that he was prescribed Fluconzole for his Valley Fever. (1st Amd. Compl. ¶ 28.) As stated above, to state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677. Plaintiff has not alleged that he saw any named defendant after he was diagnosed with Valley Fever, therefore, Plaintiff has failed to link any defendant to any failure to provide treatment after he was diagnosed with Valley Fever. Iqbal, 556 U.S. at 677. Also, by

Plaintiff's own admission he was prescribed medication, Fluconzole, for his Valley Fever and the fact that Plaintiff may have wanted additional or different treatment is insufficient to state a claim. Sanchez, 891 F.2d at 242. Plaintiff's conclusory allegation of denial of adequate treatment is insufficient to state a claim.

Plaintiff fails to state a cognizable claim that any Defendant was deliberately indifferent to his serious medical needs by failing to provide adequate medical care.

        2.       Conditions of Confinement

Plaintiff alleges that Defendant Pfeiffer was deliberately indifferent by failing to take reasonable measures to protect Plaintiff from contracting Valley Fever. (1st Amd. Compl. ¶¶ 51-59.) Where an inmate is challenging the conditions of confinement he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson, 217 F.3d at 731 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

Plaintiff alleges that Defendant Pfeiffer was aware that he was at increased risk of disseminated disease because he is an African American male with various medical conditions, and Pfeiffer failed to take reasonable measures to protect Plaintiff from contracting Valley Fever. At the pleading stage, the Court finds that Plaintiff's amended complaint is sufficient to state cognizable claim against Defendant Pfeiffer for violation of the Eighth Amendment based on Plaintiff's allegations that he was at an increased risk of disseminated disease because he is an African American with various medical conditions.

**IV.**

**RECOMMENDATIONS**

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts

that would support a claim for a due process violation or access to the court, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendant Pfeiffer for violation of the Eighth Amendment based on Plaintiff's allegations that he was at an increased risk of disseminated disease because he is an African American male with various medical conditions;

2. Plaintiff's deliberate indifference medical claim be dismissed from the action for failure to state a cognizable claim for relief; and

3. Defendants Manasrah, Ogbuehi and Relevante be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 30, 2017**

UNITED STATES MAGISTRATE JUDGE