**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORRIS ROBERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. MANASRAH, et al.,,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-01062-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS THE ACTION BE GRANTED<br><br>[ECF No. 33] |

　　　　Plaintiff Morris Roberson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Defendant's motion for dismiss, filed May 13, 2019.

**I.**

**INTRODUCTION**

　　　　This action is proceeding on Plaintiff's conditions of confinement claim against Defendant Pfeiffer.

　　　　As just stated, on May 13, 2019, Defendant Pfeiffer filed a motion to dismiss. Plaintiff filed an opposition on July 1, 2019, and Defendant filed a reply on July 8, 2019.

///

///

**II.**

**DISCUSSION**

**A.     Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**B.     Complaint Allegations**

After Plaintiff returned from the hospital he was denied adequate treatment for his joint pain, severe headaches, shortness of breath, and chest pain; however Plaintiff was prescribed Fluconzole for his Valley Fever.  (1st Amd. Compl. ¶ 28.)  Plaintiff did not have Valley Fever prior to being transferred to KVSP.  (1st Amd. Compl. ¶ 41.)

Plaintiff alleges that he was denied adequate medical care which resulted in him contracting Valley Fever.  (1st Amd. Compl. ¶ 29.)  Plaintiff also contends that he had pre-existing conditions

which the defendants knew he suffered from and that he faced an unacceptably high risk of developing serious medical consequences from his increased risk of Valley Fever while housed at KVSP, a hyper-endemic prison. (1st Amd. Compl. ¶ 31.)

Plaintiff states that Defendant Pfeiffer knew as early as 2006 that KVSP is a cocci hot spot, a high endemic area for Valley Fever and that soil surrounding KVSP is densely contaminated with Valley Fever fungus. (1st Amd. Compl. ¶ 32, 34.) Defendant Pfeiffer was aware that African Americans and Asian Americans are at greater risk of contracting the disseminated form of Valley Fever and failed to implement any policy to lessen the effects. (1st Amd. Compl. ¶ 33.) Plaintiff wrote a letter to Defendant Pfeiffer around January 10, 2015, explaining that he had a serious medical condition and requested proper medical treatment and protection from Valley Fever spores. (1st Amd. Compl. ¶ 34.) Defendant Pfeiffer failed to take even the most basic precautions to guard Plaintiff from exposure to Valley Fever. (1st Amd. Compl. ¶ 34.)

Frequently high winds blow through KVSP causing 10 to 20 foot dust whirlwinds to spread over the prison yard causing inmates to run to different parts of the yard to escape the dust while covering their faces with their t-shirts. (1st Amd. Compl. ¶ 33.) During the summer of 2016 so much dust came through the vents in the housing unit that the dust was almost one inch thick on the dayroom floor and Plaintiff was not offered any protection from the dust. (1st Amd. Compl. ¶ 34.)

Defendant was aware that inmates with medical conditions such as Hepatitis C, joint pain, liver disease, arthritis, heart conditions, and diabetes were more susceptible to Valley Fever in its most dangerous form and were in a position to establish or contribute to policies that would have addressed Plaintiff's serious medical need and protect Plaintiff. (1st Amd. Compl. ¶ 37.) About seventy to eighty percent of individuals who develop disseminated disease exhibit severe pulmonary symptoms. (1st Amd. Comp. ¶ 38.) In about ten percent of individuals who develop disseminated disease other organs are involved such as the lungs, skin, skeletal or nervous system. (1st Amd. Compl. ¶ 38.) Defendant was aware that being an African American is a risk factor for developing disseminated disease. (1st Amd. Compl. ¶ 39.)

///
///

**C. Qualified Immunity**

Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted). Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986). The right at issue must be narrowly defined in light of the specific context in the case, not at a high level of generality. White v. Pauly, 137 S.Ct. 548, 551 (2017); Mullenix v. Luna, 136 S.Ct. 305, 308-09 (2015).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

To date, neither the Supreme Court nor the Ninth Circuit has addressed the point at which a prisoner's exposure to valley fever constitutes a substantial risk of serious harm in violation of the Eighth Amendment. See Hines v. Youseff, 914 F.3d 1218 (9th Cir. 2019). In Hines, the Ninth Circuit addressed the issue of whether the "right to be free from heightened exposure to Valley Fever spores" was clearly established and found it was not. Id. at 1229. The Ninth Circuit specifically reasoned that because a "[r]eceiver oversaw prison medical care and protective measures regarding Valley Fever, state officials could have reasonably believed that their actions were constitutional so long as they

4

complied with the orders from the Receiver and the Plata court." (Id. at 1231.) In addition, "millions of people live in the Central Valley. This includes many African-Americans and others with a heightened risk of getting Valley Fever. Many people also work in the same prisons where the inmates live, exposed to the same fungal spores as the inmates. These people voluntarily live and work in the Central Valley despite a heightened risk of getting Valley Fever." (Id.) "Because so many people freely chose to live in the Central Valley despite the Valley Fever risk, and there is no evidence in the record that 'society's attitude had evolved to the point that involuntary exposure' to either the heightened risk inside prison or the lower risk outside prison 'violated current standards of decency' it would not have been 'clear' to every reasonable officer that the inmates had a valid claim under Helling." (Id. at 1231-1232.)

In his opposition, Plaintiff fails to acknowledge the Ninth Circuit's holding in Hines and merely argues that Defendant Pfeiffer is not entitled to qualified immunity because he is a state, not government, actor. Plaintiff further contends that exposure to Valley Fever presents an "obvious case" for which a right can be clearly established even without case law. However, Hines expressly found that exposure to Valley Fever "does not involve a 'clear' or 'obvious' violation." Hines v. Youseff, 914 F.3d at 1230. Because the Hines decision is directly on point and is the controlling law on the issue, Defendant Pfeiffer's motion to dismiss on the ground that he is entitled to qualified immunity must be granted.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Pfeiffer's motion to dismiss be granted; and
2. The instant action be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

5

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2019**

UNITED STATES MAGISTRATE JUDGE