UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>A. MANASRAH, et al.,<br><br>Defendants. | No. 1:17-cv-01062-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS THE ACTION BE GRANTED<br><br>(Doc. Nos. 33, 40) |

Plaintiff Morris Roberson is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2019, the assigned magistrate judge issued findings and recommendations, (Doc. No. 40), recommending that defendant's motion to dismiss, (Doc. No. 33), be granted. The findings and recommendations were served on plaintiff and contained notice that objections were due within twenty-one (21) days. No objections have been filed and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Defendants argue that because it was not clearly established that prisoners had a right to be free from the risk of exposure to valley fever, defendant Pfeiffer is entitled to qualified immunity on plaintiff's Eighth Amendment claim. (Doc. 33-1 at 5.)

1

Defendants point to the Ninth Circuit's decision in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), noting that the court found it was not "obviously unlawful" for prison officials to expose individuals to the risk of contracting valley fever. (*Id.*)

In *Hines*, a consolidated appeal, the plaintiffs challenged the constitutionality of housing inmates in a hyperendemic area for Valley Fever under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause. 914 F.3d at 1226–27. The Ninth Circuit defined the Eighth Amendment right at issue in the consolidated appeals before it as "the right to be free from heightened exposure to Valley Fever spores." *Id.* at 1228. The Ninth Circuit in *Hines* concluded that such a constitutional right was not clearly established at the time the defendant officials acted.[1]

The undersigned pauses to note that in *Hines*, the Ninth Circuit did not decide whether exposing inmates to a heightened risk of Valley Fever violates or could ever violate the Eighth Amendment. *Id.* at 1229 ("The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we.").[2] Instead, the Ninth Circuit, like the courts below, proceeded "straight to the second prong of the qualified immunity analysis: whether a right to not face a heightened risk was 'clearly established' at the

/////
/////
/////
/////

---

[1] According to the dockets in each of the fourteen cases on consolidated appeal and the operative complaints in those cases, the time period at issue before the Ninth Circuit in *Hines* appears to be no broader than between 2003 and 2014. Therefore, the Ninth Circuit conclusion that the right of prisoners, including those at a heightened risk of contracting Valley Fever, to be free from exposure to Valley Fever spores was not clearly established at the time the defendant officials acted is limited to that time period, within which plaintiff's allegations fall. *See Hines*, 914 F.3d at 1230 ("We therefore conclude that *when the officials acted,* existing Valley Fever cases did not clearly establish that they were violating the Eighth Amendment.") (emphasis added).

[2] Indeed, the Ninth Circuit acknowledged that case law with respect to such a constitutional right was perhaps developing, but not yet clearly established. *Hines*, 914 F.3d at 1230.

2

time" the officials in the cases before the court had acted. *Id.*;³ *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) (establishing the two-part inquiry for qualified immunity: (1) whether the alleged facts violate the Constitution, and (2) if so, whether the constitutional right at issue was clearly established at the time of the violation).

That said, plaintiff's allegations in this case provide no basis upon which to depart from the qualified immunity analysis set forth in *Hines*. Plaintiff's operative first amended complaint alleges the following facts relevant to resolution of the pending motion to dismiss. At all times relevant, plaintiff was a prisoner housed at Kern Valley State Prison ("KVSP"). (Doc. No. 14 at 1.) Plaintiff asserts that the soil surrounding KVSP is "densely contaminated with Valley Fever fungus," and that defendant Pfeiffer knew—as early as 2006—that KVSP is a "cocci hot spot." (*Id.* at 10–12.) Likewise, plaintiff claims that defendant Pfeiffer was aware that African-

---

³ The court in *Hines* also chose to address, at some length, whether the alleged constitutional violation before it was so clear or obvious that no case specifically so holding was required. *See Hines*, 914 F.3d at 1230. Such "obvious" cases have been found to be extremely rare. *See District of Columbia v. Wesby*, ___U.S.___, ___, 138 S. Ct. 577, 590 (2018) ("Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."); *West v. Caldwell*, 931 F.3d 978, 982–83 (9th Cir. 2019); *Schneyder v. Smith*, 653 F.3d 313, 330 (3d Cir. 2011) ("[T]his is one of those exceedingly rare cases in which the existence of the plaintiff's constitutional right is so manifest that it is clearly established by broad rules and general principles."); *Hope v. Pelzer*, 536 U.S. 730, 734–35 (2002). It seems apparent from the decision's statement of facts that the court in *Hines* did not view the cases before it to be of that rare variety. *See Hines*, 914 F.3d at 1223–26. Nonetheless, after concluding that the claims were not based upon any clearly established right, the court chose to also explain that there was no obvious or clear constitutional violation presented because: (1) since 2006, California prison officials' actions were supervised by a federal Receiver, "appointed by the federal court to assure Eighth Amendment compliance" and who "actively managed the state prison system's response to Valley Fever"; and (2) there was no evidence that the risk of Valley Fever is one that society is not prepared to tolerate because millions of people accept that risk by voluntarily living in California's Central Valley. *Id.* at 1230–31. Whether this latter aspect of the decision in *Hines* is *dicta* is not relevant to this court's consideration of the pending motion to reconsider. However, this portion of the *Hines* opinion appears not to have been based solely on the record before the court since the district court had dismissed the complaints, not granted summary judgment, on qualified immunity grounds. Moreover, by emphasizing that the plaintiffs had not claimed that state officials defied the orders of the Receiver, and that officials could have therefore reasonably believed that their actions were constitutional so long as they complied with such orders (914 F.3d at 1231), the opinion in *Hines* suggests that if, for example, officials were to fail to comply with such orders or if the receivership were terminated, the qualified immunity analysis in cases involving Valley Fever based claims under the Eighth Amendment may be different.

Americans and Asian-Americans are at greater risk of contracting the disseminated form of valley fever. (*Id.*)  Nonetheless, plaintiff alleges, defendant Pfeiffer failed to implement any policy to lessen the effects of, and failed to take even the most basic precautions to protect him from exposure to, valley fever. (*Id.* at 10–12, 16–17.)  Although he does not specifically allege that he contracted valley fever at KVSP, plaintiff does assert that he was injured as the result of defendant Pfeiffer's failure to protect him from exposure to valley fever. (*Id.*)

Because plaintiff's allegations provide no basis upon which to distinguish the Ninth Circuit's binding decision in *Hines* or the qualified immunity analysis set forth therein, the undersigned concludes that defendants' motion to dismiss must be granted.

Accordingly:

1. The findings and recommendations filed on July 17, 2019 (Doc. No. 40) are adopted in full;
2. Defendant's motion to dismiss this action on qualified immunity grounds (Doc. No. 33) is granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 21, 2019**                         *Dale A. Drozd*
                                                                    UNITED STATES DISTRICT JUDGE